IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                                                   CIVIL ACTION NO. 4:65-CV-41

CARROLL COUNTY BOARD OF EDUCATION                                     DEFENDANT

ORDER

On March 20, 2018, the United States initiated a review of the Carroll County Board of Education ("District"). After reviewing the information and data provided by the District, the United States advised the District that it has complied with the Court's desegregation orders for a reasonable period of time and has eliminated the vestiges of past *de jure* discrimination to the extent practicable. Now before the Court is a Joint Motion [5] for Declaration of Unitary Status and dismissal filed by the United States and the Carroll County Board of Education.

*Procedural History*

The United States filed its complaint against the District in this Court on August 26, 1965. In August of 1966, the Court approved a freedom of choice plan for the District. One year later on August 9, 1967, the Court issued a permanent injunction prohibiting discrimination on the basis of race in the operation of the school system. Early in 1969, the Court held that freedom of choice was not sufficient for desegregation and ordered the District to present a new desegregation plan.

In compliance with the 1969 Court order, the District presented a new plan which called for boys entering grades one through six to attend Vaiden Attendance Center or Marshall Attendance Center, based on residence, while girls entering the same grades would attend North Vaiden Attendance Center or J.Z. George Attendance Center. After a one-year delay, high school

students would be assigned in the same manner. The Court approved the new plan on May 17, 1969, and ordered the District to report annually, on or before October 15.

In July 1970, however, the Court ordered the District to devise a new desegregation plan and semi-annual reports on December 1 and April 1 of each year. The District complied and presented a new plan, which called for students residing in Vaiden to attend North Vaiden Attendance Center for grades one through eight and Vaiden Attendance Center for grades nine through twelve. Students residing in North Carrollton would attend Marshall Attendance Center for grades one through eight and then J.Z. George Attendance Center for grades nine through twelve. On June 17, 1971, the Court ordered that class assignments be made alphabetically to ensure desegregation of classes and ordered the District to establish a unitary transportation system. Three years later, on April 16, 1973, the Court ordered grade one classes to return to each original school and transferred grades seven and eight to Vaiden and J.Z. George Attendance Centers.

No further action was taken until June 2007, when the Court approved the creation of magnet schools at Hathorn and Marshall Elementary Schools. Currently, the District operates only two schools in a single grade configuration: Marshall Elementary School (K-5) and J.Z. George High School (6-12). Accordingly, *all* kindergarten through fifth grade students in the District attend Marshall Elementary school, and *all* sixth through twelfth grade students in the District attend J.Z. George High School.

*Legal Standard*

Courts have long recognized that the goal of the school desegregation process is to promptly convert a *de jure* segregated school system to a system without "white" schools or "black" schools, but just schools. *Green v. Cnty. Sch. Bd. of New Kent Cnty., Va.*, 391 U.S. 430,

442, 88 S. Ct. 1689, 20 L. Ed. 2d 716 (1968). The standard established by the Supreme Court for determining whether a school district has achieved unitary status, thus warranting termination of judicial supervision, is whether: (1) the school district has fully and satisfactorily complied with the court's desegregation orders for a reasonable period of time; (2) the school district has eliminated the vestiges of past de jure discrimination to the extent practicable; and (3) the school district has demonstrated a good faith commitment to the whole of the Court's order and to those provisions of the law and the Constitution which were the predicate for judicial intervention in the first instance. *See Missouri v. Jenkins*, 515 U.S. 70, 87-89, 115 S. Ct. 2038, 132 L. Ed. 2d 63 (1995); *Freeman v. Pitts*, 503 U.S. 467, 491-92, 498, 112 S. Ct. 1430, 118 L. Ed. 2d 108 (1992); *Bod of Educ. of Okla. City Pub. Sch. v. Dowell*, 498 U.S. 237, 248-50, 111 S. Ct. 630, 112 L. Ed. 2d 715 (1991).

The Supreme Court has identified six areas, commonly known as the "*Green* factors," which must be addressed as part of the determination of whether a school district has fulfilled its duties and eliminated vestiges of the prior dual school system to the extent practicable: (1) student assignment; (2) faculty; (3) staff; (4) transportation; (5) extracurricular activities; and (6) facilities. *Green*, 391 U.S. at 435, 88 S. Ct. 1689*;* see *Bd. of Educ. of Okla. City Pub. Sch.*, 498 U.S. at 250, 111 S. Ct. 630. The *Green* factors, however, are not intended to be a "rigid framework." The Supreme Court has approved consideration of other indicia, such as "quality of education," as important factors in determining whether the District has fulfilled its desegregation obligations. *See Freeman*, 503 U.S. at 492-93, 112 S. Ct. 1430.

*Analysis*

The Parties stipulate that the District has satisfied prior orders with regard to general student assignment and assignment by class. For the 2018-19 academic year, the District operates

3

two schools in a single-grade configuration and enrolled approximately 934 students, as shown below.

2018-19 Enrollment

|  | Grades Served | Black Students | White Students | Other Students | Total |
|---|---|---|---|---|---|
| Marshall Elementary School | PK-5 | 245 | 157 | 18 | 420 |
| J.Z. George High School | 6-12 | 288 | 198 | 28 | 514 |
| Totals | PK-12 | 533 | 355 | 46 | 934 |

The District employed 155 faculty and staff members, of whom 84 were black (54%) and 71 were while (45%), as shown below.

Faculty and Staff Assignment
(as of August 15, 2018)

|  | Grades Served | Black | White | Other | Total |
|---|---|---|---|---|---|
| Marshall Elementary School | PK-5 | 8 | 17 | NA | 25 |
| J.Z. George High School | 6-12 | 39 | 32 | NA | 71 |
| District Office | PK-12 | 37 | 22 | NA | 59 |
| Totals | PK-12 | 84 | 71 | NA | 155 |

Additionally, in accordance with the July 31, 1970, order, the parties also stipulate that the District provides transportation to all eligible students enrolled in the District on a nondiscriminatory basis. Further, the United States indicates that after reviewing the information presented by the District, the United States identified no evidence of discrimination or denial of an equal opportunity to participate in extracurricular activities on the basis on race. Finally, the

4

District operates two schools in a single-grade structure and the United States has not identified any action by the District with respect to school construction that has resulted in the recurrence of the dual school system.

The District has complied with the Court's desegregation orders for a reasonable period of time and has eliminated the vestiges of *de jure* discrimination to the extent practicable. As a practical matter resulting from operating two schools in a single grade configuration, the Court finds that the District has demonstrated a good faith commitment to the Court's order and to those provisions of the law and the Constitution, which were the predicate for judicial intervention in the first instance. The Court finds that the District has met the legal standards for a declaration of unitary status and that it is entitled to dismissal of this action.

*Conclusion*

For all of the reasons indicated above, all prior injunctions in this case are dissolved, jurisdiction is terminated, and this case is dismissed with prejudice.

SO ORDERED this, the 27th day of February, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE